No. 83,005

In the Matter of DOUGLAS S. BRUNSON, *Respondent*.

(986 P.2d 1074)

Opinion filed October 29, 1999.

*Edwin A. Van Petten*, deputy disciplinary administrator, argued the cause, and *Stanton A. Hazlett*, disciplinary administrator, was with him on the formal complaint for the petitioner.

*Dennis J. Keenan*, of Keenan & Boeckman Law Firm, P.A., of Great Bend, argued the cause, and *Douglas S. Brunson*, respondent, argued the cause pro se.

*Per Curiam:* This is an original uncontested proceeding in discipline filed by the office of the Disciplinary Administrator against Douglas S. Brunson, an attorney admitted to the practice of law in the state of Kansas whose business address is in Larned, Kansas.

The complaint against respondent charges him with violations of the Kansas Rules of Professional Conduct (KRPC) 1.3 (1998 Kan. Ct. R. Annot. 288) (diligence) and KRPC 1.4 (1998 Kan. Ct. R. Annot. 296) (communication), and Supreme Court Rule 207 (1998 Kan. Ct. R. Annot. 222) (failure to assist and respond to inquiries in a disciplinary investigation).

Respondent did not file exceptions to the final hearing report or a brief in this matter and is deemed to have conceded that the factual findings stated in the hearing report are admitted and supported by the evidence. Supreme Court Rule 212(d), (e)(4) (1998 Kan. Ct. R. Annot. 236).

The hearing panel found unanimously the following facts by clear and convincing evidence:

"1. Douglas S. Brunson, is an attorney at law . . . .

"2. That on August 14, 1996, Respondent was appointed to represent the complainant, Ernest L. Gaines, regarding a habeas corpus petition Gaines had filed pro se in the District Court of Pawnee County, Kansas. The Writ was answered by the Department of Corrections on September 9, 1996, and a Motion to Dismiss was filed by the Department of Corrections as the same time.

"3. The Motion to Dismiss was set for hearing on October 25, 1996. On September 28, 1996, complainant sent a letter to Judge Meeks, the presiding judge

on the habeas corpus proceeding, complaining of no contact from Mr. Brunson. Complainant filed his own affidavit in support of his petition on October 1, 1996.

"4. The hearing was held on October 25, 1996, and the petition dismissed. Respondent did appear at the hearing. On November 5, 1996 Complainant contacted Judge Meeks again stating that he had had no contact from Respondent since the hearing, however, he was contacted by Respondent on October 23 and 24, 1996.

"5. Subsequently, in November of 1996, Respondent contacted the complainant and advised him that he would file the same issues as the habeas corpus, being a jail credit issue, in the District Court of Sedgwick County which was the sentencing court on the criminal actions.

"6. On March 25, 1997, complainant contacted the Office of the Disciplinary Administrator stating that he had heard nothing from Respondent since November 1996.

"7. Subsequent to contact from the Office of the Disciplinary Administrator, Respondent agreed to represent the complainant on this matter in the District Court of Sedgwick County, Kansas, however, on June 18, 1997, complainant again contacted the Office of the Disciplinary Administrator alleging that he had talked to respondent on May 6 and June 2, 1997, and had heard nothing further.

"8. On August 29, 1997, Respondent appeared in the District Court of Sedgwick County, Kansas, on a motion for Order Nunc Pro Tunc to clarify the jail credit issue on complainant's criminal cases stemming from Sedgwick County, Kansas. Randall Hubert, the Assistant District Attorney, mailed a Journal Entry to the Respondent, however, Respondent never returned the same and refused to sign the Journal Entry. Finally, on October 27, 1997, the judge signed and entered the Order without Respondent's signature.

"9. During the course of this investigation Respondent at no time forwarded any requested information to the investigator, David Snapp. Snapp contacted the Respondent by letter on October 20, 1997, asking for information; none was received. A letter was sent on January 21, 1998, by certified mail asking for a reply. The letter was accepted, however, no response has ever been made.

"10. Due to Respondent's failure to assist in the investigation as required by SCR 207, the investigator was forced to contact complainant on his own and reconstruct the file regarding this matter."

Based on clear and convincing evidence, the panel made the following conclusions of law based upon the above uncontested facts:

"1. That there has been a violation of the Supreme Court Rule No. 207 and the respondent admits as such and the Panel unanimously finds as such.

"2. That there has been a violation to Kansas Rules of Processional Conduct 1.3 and the Panel unanimously finds such and the Respondent admits as such.

"3. That there has been a violation of Kansas Rules of Professional Conduct 1.4 and the Panel unanimously finds as such and the Respondent admits as such."

In considering aggravating factors, the hearing panel found that there was a bad faith obstruction of the disciplinary proceedings by respondent's failing to tangibly comply with the rules or orders of the disciplinary process and that respondent had substantial experience in the practice of law.

In considering mitigating factors, the panel found the absence of any prior disciplinary record, an absence of dishonest or selfish motive, personal or emotional problems that may have contributed to the violations of KRPC, and remorse. In addition, the panel considered letters that had been written by judges in the area where Brunson practices indicating that he is a capable attorney but was suffering from emotional problems and medical problems and had been hospitalized for a substantial period of time.

After reviewing the evidence and arguments of counsel, the hearing panel unanimously recommended that respondent be suspended from the practice of law for a period of 18 months, but that imposition of this sentence should be suspended and the respondent placed on supervised probation for a period of 24 months commencing forthwith upon the following terms and conditions:

"1. That an inventory be submitted to the office of the Disciplinary Administrator within two (2) weeks.

"2. That quarterly reports be submitted to the office of the Disciplinary administrator.

"3. That the Respondent cooperate with the investigator in Case No. DA7440.

"4. That Dennis Keenan supervise the probation."

We have reviewed the record and conclude the factual findings and conclusions of law of the panel are supported by clear and convincing evidence.

The court is in general agreement with the recommendations of the hearing panel, so long as additional protections for the public and monitoring are involved.

IT IS THEREFORE ORDERED that imposition of discipline against Douglas S. Brunson be suspended, and he is placed on supervised probation for a period of 2 years from the date of this order.

IT IS FURTHER ORDERED:

(1) During the probation period, respondent's practice of law is to be supervised by attorney Dennis J. Keenan, who will report to the Disciplinary Administrator on a quarterly basis concerning respondent's management of cases and legal matters entrusted to him. Any material deviation from proper practice or a known violation of the conditions of probation shall be immediately reported to the Disciplinary Administrator.

(2) Mr. Keenan shall be afforded all immunities granted by Supreme Court Rule 223 (1998 Kan. Ct. R. Annot. 264) during the course of his activities as directed by this order. Respondent will allow Mr. Keenan access to his files, his employees, his trust account, and his doctors.

(3) Respondent shall continue treatment under the direction of Dr. Sheldon Carpenter, whom he shall see on a regular basis. Dr. Carpenter shall keep the Disciplinary Administrator informed of respondent's progress in such manner as the Disciplinary Administrator shall request.

(4) Respondent shall use his best efforts to obtain errors and admissions liability coverage and furnish a certificate evidencing coverage to the Disciplinary Administrator and provide notification to the Disciplinary Administrator and the supervising attorney upon any change or cancellation of the policy.

(5) Respondent shall not violate any of the Kansas Rules of Professional Conduct during the term of his probation and thereafter. He shall immediately respond to inquiries from the office of Disciplinary Administrator and supervising attorneys.

IT IS FURTHER ORDERED that, in the event respondent fails to abide by the conditions set out herein, a show cause order shall issue to respondent, and this court shall take whatever disciplinary actions it deems just and proper, including disbarment, without further formal proceedings.

IT IS FURTHER ORDERED that this order be published in the official Kansas Reports and that the costs of the proceeding be assessed to respondent.